In the year 2000, Congress amended a Statute 49 U.S. Code 401-22-G2 and 3 to restore the FAA to the Jurisdiction of the American Systems Protection Board. The question today is, was that restoration the same jurisdiction that the MSPB enjoyed prior to? Interesting question. What do you want? What do you get out of this? What's your remedy? What we get is a modification of the final order in this case confirming that Mr. Ivery is entitled to the back pay that he was awarded. But you've got that back pay, right? For the moment. What do you mean, for the moment? Is somebody trying to take it away from you? Actually, the government's brief was very troubling. They said, for the moment, we're not. The FAA's order, and the order is cited in our reply to Judge Rader, 2770.26, obligates the FAA to collect these overpayments. So, my client, Mr. Ivery, is in the dispute. So you might have something to bring to us, right? But at the moment, we haven't got a break. What they call a hypothetical case? No, we have an actual controversy where there is a claim, a risk, accident. Had the MSPB dismissed the case, as moved below, there would be no controversy. But in finding that Mr. Ivery has no back pay right, where he has collected his back pay, they have put him at risk. And the FAA's order, 2770.26, cited in our reply brief and quoted in our reply brief, they're obliged to collect this back pay. But a risk isn't a claim. A risk is somewhat subjective until it becomes a case, isn't it? It's our belief, Your Honor, not to belabor this, but it's our belief that the FAA has an obligation under their order to collect this overpayment under their own orders. And there is a minor provision for waivers, but the presumption in the FAA's order is against waivers. So, your position, I take it, is essentially, well, maybe this isn't exactly it, but close to being that you had, in effect, a declaratory judgment. Not a judgment for money against you, but a sort of declaratory judgment against you, which the government might execute on by coming in and saying, this is the legal determination against you on back pay, and now we want to execute on that by getting the money back. Your Honor, it's a little over my head on the declaratory judgment part, but there is an extant government obligation under their own orders to collect this payment. But even if there weren't, I suppose your position would be different. I mean, it would still be a risk. They have a legal determination which has not been reduced to the form of an actual monetary judgment, but nonetheless, it's the basis on which a monetary judgment is made. A claim for overpayment, I think, is what the FAA would term an undergoing order. But don't we have to have a money damages claim against the government to have jurisdiction? I don't believe so, Judge. I think what we have to have is a good appeal from a final order of the MSPB, which is what we have. Where in the record is the order that the FAA has to give back, has to recover the back pay? The order is cited in footnote 6, I think, in my reply, Judge. That's FAA? It's an FAA order on collecting monies that were paid to employees who shouldn't have that money. But that in general, not specifically? Correct. No, we cite an order. It's not in the record. We would want the court to take notice of the order. You're correct. Now, let me ask you, on the merits of the question of whether the Ford Act, by incorporating the appeals to the MSPB, incorporates also the MSPB's remedial jurisdiction. Now, the remedial jurisdiction for back pay orders clearly comes from the Back Pay Act. Where does the MSPB's remedial power to reinstate come from, specifically? Because I went through 1204, and they never really quite provide that. Here's the interesting thing, Your Honor, about 1204, which used to be 1205. Right. In both, this court's decision in Kerr and the MSPB's decision in Spezza-Ferro, which is miscited in our brief because we didn't mention that it was affirmed by this court. I hope the court will forgive us. The site is in 807, Fed 2nd, 169. That's also, that's an affirmance by this court. But what they were treating with in Kerr and Spezza-Ferro was this. Does the MSPB have back pay? Have any back pay authority? There's nothing in the MSPB statute. There's nothing in 1205 that's providing that. And what they said was, what the MSPB and what this court said was, look, it was inherited from the Civil Service Commission. And therefore, even if there is no citation to the Back Pay Act in the Merit System Protection Board statute, the MSPB has that back pay authority. And that provision, 1205, now 1204, is one of the ones which was specifically cited in 2000. It is in 40122G2H, 1204. The back pay authority of the MSPB is specifically cited when their jurisdiction was restored in the year 2000. And I don't know if that's a roundabout answer to your honest question or not. Now, what was specifically cited? I'm sorry, you said? 1204. It used to be 1205. Right. That's specifically cited. There wasn't any reference, so far as I understand, to the Back Pay Act itself. Conceded. The citation to 1204 is what relates back to Spezza-Ferro and Kerr, which is what generated back pay in those cases, even in the absence of a back pay statutory citation. Let me ask you one other question. Suppose, and I know this is contrary to your submission, but suppose that we should conclude that, even after the Ford Act, that the MSPB did not have authority with respect to this group of employees to issue back pay awards, even though it had authority to reinstate. Would you have, do you think, an action in the Court of Federal Claims for back pay under the Back Pay Act, based on the determination by the MSPB that there was an unlawful removal in this case? Your Honor, I'd have to pass on that. I really don't think I'm in a position to answer that question intelligently, and I apologize for that. But rather than just answer that, I should be able to answer that, and I just don't think I have a good answer for it. Think of it this way. Why would Congress, and this is a question of congressional intent, why would Congress provide back pay for all federal employees and restore the jurisdiction of the MSPB, except for FAA employees? Why would Congress ever do such a thing? I had a kind of hypothetical. Even if it's a mistake of Congress, doesn't the sovereign immunity requirement that there be very express and explicit right for the government to be sued prevent you from suing for back pay when there isn't anything explicitly authorizing you to do so? That's in conjunction with Judge Bryson's question. I'm not sure about that, but the point Your Honor is also making comes up in the Supreme Court's decision in Pena. But that case, Lane versus Pena, is it Lane? It's the Lane case. And in that case, they were talking about a case of first impression. It was a rehabilitation act, the Supreme Court was. And did it provide for back pay in particular circumstances in the case? The first answer I would give, Your Honor, is Lane doesn't apply here. And the reason is we're talking about restoration of back pay. We're not talking about a statute that's being construed in the first instance. But in any event, what the court said was, first of all, even if it's incongruous, which is your point, even if what Congress appears to be doing is bewildering, nevertheless, unless there's a clarity of expression, and that's the Supreme Court's term, not that any particular magic word has to be used, is there clarity of expression. If you look, Your Honor, at 40122G2H, the citation to 1204, and then, even more important, the following section, which is G3, which says that the statutory regime of the MSPB is to be re-established vis-a-vis the FAA as of March 31st, 1996. That's not a gratuitous reference. That says the status quo, which is to be restored as the status quo as of that date. So there are two provisions of the statute that the court is considering today, either or both of them provide the clarity of expression that is required by the Supreme Court in laying an argument. What do you, I know you addressed the Hubbard case in your brief. Right. There's language in Hubbard that seems to cut the conjuring direction from the language incurred in specific federal law. I know you're familiar with it. Hubbard's an odd case, Your Honor. Hubbard's a case where someone was supposed to be hired and wasn't. Right. It was an adjudication that he was wrongfully not hired. Right. Two years later, the statute was passed. And the question was, did either the pre-existing statutory regime or the amended statute provide for bad pay? It was a retroactivity problem. Whatever the language is, it's an entirely different context. In this case, he was, the argument was fired and awarded bad pay and reinstatement after the statutory amendment. So you don't have that kind of a, what do we do with something that happened before the statute was amended problem here? What we have here is simply a situation where Congress restored the legal status quo in 2000 as it existed on March 31st, 1996. And two years later, or three years later, Ivory is terminated in Bronx. I want one more question on the facts, just to make sure that we know what's in dispute and what's not. I take it that although union dues and the life insurance issue were in dispute at the point of the petition for review, those are no longer in dispute? As I understand it, that's correct. We did not take issue with the board's decision on that. So the only issue for purposes of the question of mootness or non-mootness is it has to do with the potential applicability of the board's ruling with respect to a prospective reclaiming of the back pay. Well, since the board's decision in this case, and I'm now a little bit over my time, they issued a decision called Bennett, which we cited to the court. And Bennett, which we cited in May of 2007. And Bennett says they don't have reinstatement authority either. I don't know what they have if they don't have reinstatement or back pay authority. But in theory, Judge Bryson, the job that my client was reinstated to was also a wrongful reinstatement if Bennett is right. Bennett's not before the court today. But if you put Bennett and Ivory together, Mr. Ivory's not entitled to the money or the job. Mr. Osborne, have you or your client have had any contact at all with the agency with respect to agency's attempt to collect back the back pay? I think they might be waiting to hear from you, from your honors, before they start. I'm unaware of any direct contact, actually. So there's been no effort that you're aware of to recover that? To date, and that's what the government's brief is very careful to say, I have no facts different from those facts. Well, we'll be interested in hearing what they have to say on this, because- Thank you very much. There will be questions on this. I'd be happy to sit down and come back and rebuttal it, unless you have any other questions. Thank you, Judge. Thank you, Mr. Osborne. Ms. Donahue. First question, does the government have any attempt or any intention at this point of collecting the back pay that's been paid to Ms. Reiner? No, Your Honor. The government has no intention of collecting the back pay. You're conceiving that the government relinquishes whatever claim it might have to recoup those monies? It believes that the fact that more decision with respect to the applicability of the Back Pay Act to Mr. Ivory was correct, but it has relinquished any claim to the money, now that Mr. Ivory has it. It has, as of this moment. I mean, I- They have no intention of seeking the money back from Mr. Ivory. And so you are formally waiving on behalf of the agency? Yes, I'm saying they are not seeking the money back. All right. And also, I take it, in light of our discussion with Bennett, also you're not going to attempt to reverse the reinstatement attempt? I don't know that the F&A would have the authority to reverse the reinstatement. I'm not familiar with the case, but Mr. Osborne's representation was that the board is now taking the position that under the Ford Act, the MSPB does not have the authority to- I'm just- Excuse me. Go ahead. I'm just saying that I don't- I read the Bennett case. I don't recall that being what the board decided it could have been. I would say that that case is not applicable here at all, and Mr. Bennett has some concern about ruling in that case. He can appeal if that's the case. So you would take the position that this case is looped? I would not, Your Honor. I would say that there is no injury, Mr. Ivey. And should we, if the case is moot, vacate the underlying order on the grounds of mootness? No, Your Honor, because even before this court gets to the question of the underlying order, it has to show whether it has jurisdiction over Mr. Ivey's claim. Mr. Ivey had no injury from the board's order. There's no risk that he will ever suffer such an injury, and so this court, I would submit, has no jurisdiction to consider his claim at all. And the practical effect of vacating the board's order, I mean, it wouldn't mean anything more than if this court was to take it for lack of jurisdiction here. Now, on the merits, if you're correct that the board does not have back pay authority with respect to FAA employees, can such employees, an employee such as this employee, if they have not gotten back pay, he has, but if you had one who had not gotten back pay, could that employee, after an adjudication of wrongful removal, go into the Court of Federal Claims and get back pay? No, Your Honor, I don't believe so. The Fausto case specifically indicated that back pay is, it can only be, in the back pay act, it can only be awarded by appropriate authority. And the Civil Service Reform Act determines the appropriate authority is the Merit Systems Protection Board. Now, by enacting 4122, Congress placed that authority now with the FAA, because the FAA's PMS essentially supplants the Civil Service Reform Act for FAA employees. And so the option for that, an employee like this... Except that it doesn't apply, take it to this kind of removal. The back pay act doesn't apply to the kind of... I mean, the back pay authority within the FAA's private plan. For the board. And the employee like this, either you're making something to a collective bargaining agreement, that collective bargaining agreement, and they provide circumstances under which that employee can receive back pay, either through a collective bargaining grievance procedure, or whatever that agreement would set forth, how he would receive back pay. The FAA PMS lists, I think, four ways that an employee can receive back pay. And it can be either through an internal FAA grievance procedure, or a collective bargaining procedure, or there's a number of other... I think there's two other ways, which we have cited in our brief. The only thing they can't do is go to the board and try to go back and get back pay from someone else. If they choose to go to the board, they can receive reinstatement, or they can receive their job back, but they can't get back pay. What do you say with respect to Spencer-Farrow and Kerr? The cases that Mr. Harding relies on? I think that with Spencer-Farrow, you have to look at Spencer-Farrow in the terms of when it's when the board had this broad authority to award back pay to any employee. Spencer-Farrow was decided before 4122G, before Congress placed this authority to determine who's entitled to back pay, and who the appropriate authority is to award back pay to the FAA. Spencer-Farrow doesn't say that the board always has authority to award back pay independent of its jurisdiction. It only has authority to award back pay as a... But it found the authority to award back pay in 1204, as I understand it. I actually think that the authority to award back pay came from the Back Pay Act, because the Back Pay Act... Oh yes, but the Back Pay Act authority was deemed to have been encompassed within, as I understand it, because of the board's analysis of Spencer-Farrow, was encompassed within 1204. Now, the reason that Back Pay Act authority was available to the board was because 1204 was read to encompass the Act, isn't it? I think that's a fair reading. So if that's true then, why isn't it true after 2000, since the Ford Act encompasses 1204? Because when Congress enacted 4122, it excluded the Back Pay Act from the list of sections that would be applicable to the FAA PMS. Essentially saying that the FAA is now able to determine who the appropriate authority is to award back pay. And the FAA has determined that the board is not the appropriate authority under the circumstances of Mr. Iger's case. If the amendment under 4122-G3 were read to allow the board to permit back pay again, that would be explicit. The Congress would have to say, it's like when you look at Hubbard v. NHPD, where there was an authority for the board prior to the amendment of the remedy statute in that case. There was an authority of the board to order corrective action for the type of whistleblower claim that we saw in Hubbard v. NHPD. And then it didn't specify back pay as a remedy. And so the petitioner in that case was not entitled to receive back pay. And so Congress went back and said, well, wait a minute. We can't just say you can order corrective action. You have to be able to order corrective action, which includes back pay. Well, but the same thing is true in Kerr and Spessetaro, that there wasn't an explicit reference to the authority of the board to issue back payments. And there just seems to be some tension between Kerr and Spessetaro on one hand and Hubbard v. NHPD on the other. I wonder, let me ask you this question. Where does the board's authority to reinstate reside? I believe that would be in 1204. It doesn't say so. It doesn't say reinstate. Well, I think it says that they can order corrective action. I mean, that's a phrase. Right, corrective action. But that's pretty general. Why doesn't that include, if it includes reinstatement by implication, why doesn't it include the action that's available under the Back Pay Act? That is to say back pay by implication. Well, I think, well, it does for employees who are not employed by the FAA. I think that the question is, who is the employee? So you think people who are not employed by the FAA have back pay remedy available under 1204? No, they have back pay remedy available under the Back Pay Act in connection with 1204, because in those circumstances, the board is the appropriate authority to award back pay. And so it can be awarded as a remedy, as the court determined in Fausto. Whereas here, now the appropriate authority with respect to FAA employees to award back pay is no longer the board by the circumstances of Mr. Ivor's case. Except for cases which, after 2000, were cases in which Congress said, oh, except that if you're subject to one of these actions, you can appeal to the MSPB. Well, I would disagree with you. And Section 1204 will apply, right? I mean, that's certain that the MSPB is back in the game after 2000, with respect to FAA employees, right? Back in the game with respect to reinstating an employee. I don't think back in the game with respect to back pay, because the Congress has sent the FAA, now having been awarded, to make its own personal management system, in the same way that the Civil Service Reform Act for our other employees. But I thought you just told me that both reinstatement and back pay are available as remedies to the MSPB because of 1204. And if that's true, with respect to all other employees, why isn't it also true, once Congress says 1204 applies, it's fully applicable to FAA employees, regardless of what other remedies they may have with respect to the private FAA employment plan? Because I think that the board is the wrong and appropriate authority to award back pay to FAA employees. Okay. Ms. Tenley, it seems to me that it's easy to conclude that when Congress provided again for the board to have jurisdiction over these matters for FAA employees in the Ford Act, that the oversight or that the not providing for authority to award back pay was an error. I think it's easy to conclude that that was indeed the case. It's hard to conclude otherwise. Now, that may not be within our power to correct, but my question is, does the government look at it that way and has the government made any efforts to correct this either by statute or by altering the FAA regs to provide for back pay in these circumstances? Not to my knowledge, no. The government has not altered the FAA reg to offer back pay in these circumstances. Any discussion whatsoever within the government as to whether this is appropriate and whether this is something that calls out for some remedial action? It's my understanding that there is some sort of proposed legislation concerning this. I'm not sure what that proposed legislation says. I do know that if this were a mistake, it would need to be fixed by Congress and the FAA. And they would have to make the explicit correction. If the court has... I'm happy to answer questions if the court has them. If not, I'm happy to... Thank you, Ms. Donahue. Thank you. Dr. Osborne, you have 3 1⁄2 minutes or so remaining. I just wanted to make three points, if I could. The first is, I think this is the case. 1204, I think the cases turn on, and they're older cases, but they turn on the MSPB's power to adjudicate. That is in the nature of adjudication that the back pay obligation is part and parcel and that goes back to current US cases. And it has to be the same for FAA employees as all other federal employees. There's not a syllable or a punctuation mark anywhere in the legislative history of the statute of 2000 that says anything other than that. Given the government's concession, is there anything left before us in this case? Well, first of all, and with all due respect to my friend Ms. Donahue, page 12 of their brief says something very different. Well, they've changed their position. Apparently. They put the coy in the brief, but I think they've been pretty straightforward here in saying that they're not... I meant no criticism of the government. I just said that the brief said something different. I think this is exactly the kind of issue which recurs over and over again, which, you know, there's an exception in the movement's document, the kinds of issues that keep coming up, keep coming up, keep coming up. And in addition to that, you know... Capable of repetition... That's a pretty narrow doctrine, though. Well... It's one where it's taken a pretty good bite out of that. You know, they were not willing to answer to one of your onerous questions to change the final order. And the final order is what we appeal. So I think, as well, this is not over in the overall sense. So... That was two of the three points I wanted to make. There's a question of explicitness, how explicit was the statute on this? And, you know, again, it's not a matter of using particular words. The courts never said you have to use this word or that word. Let's suppose the statute said we want to restore the MSPB's authority just the same as it used to be on March 31, 1996. That's very explicit. And that's exactly what the statute says, of course. And finally, I meant to ask this question before the government had an opportunity to respond to it. This is a rhetorical question, I suppose. Imagine Joe Smith working for the Department of Defense as an air traffic controller. He's fired without cause. Okay. He initiates proceedings at the MSPB. He gets an interim job at the FAA as a controller. Does he get back pay? Beats me. Where would you look for the answer to that? But that's the anomaly that's inherent for what the government's saying. Who knows? And furthermore, if you were... If Bennett is right, and what Bennett... Bennett talks about not reading statements with equitable relief, to be fair. It says no equitable relief, which we read, including reading statements. If Bennett is right, and I read his right, then it must mean that Congress intended the FAA employees to get to go to the MSPB for no remuneration at all. And I was wondering if the MSPB was thinking of issuing disclaimers to FAA employees when they come in the door, warning them that at the end of the line they're not going to get anything. And I thought maybe abandon all hope, and here might be an appropriate disclaimer. I have nothing else to bother the court with, but I'd be happy to answer any other questions you have. Thank you, Mr. Rutherford. Pleasure, Your Honor. Thank you. The next case is Stiles v. Permachink, but I think it's actually the matter involving his detention.